# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EDWARD KLIMA, | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   No. 10 C 7842 |
| | ) |
| DONALD P. FERGUSON, Field Office Director, Chicago Field Office, Citizenship and Immigration Services, | ) ) ) ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION

Before the court is the defendant Donald P. Ferguson's motion to dismiss. For the reasons explained below, we grant the defendant's motion in part, deny it in part, and dismiss plaintiff's petition without prejudice.

## BACKGROUND

Plaintiff Edward Klima, a native and citizen of Poland, was granted lawful permanent resident status on June 24, 2006. (Pet. for Hearing on Denied Naturalization Application (hereinafter, "Pl.'s Pet.") ¶ 1.) He later filed a naturalization application with the United States Citizenship and Immigration Services ("USCIS"). (Id. at ¶ 2.) The USCIS denied his application and an immigration officer affirmed the denial after a hearing. (Id. at ¶ 3); see also 8 U.S.C. §§ 1446(d) and 1447(a). Klima now seeks a *de novo* review of that decision under 8 U.S.C. § 1421(c):

> Judicial review:
>
> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

8 U.S.C. § 1421(c). Klima contends that the immigration officer wrongly concluded that he failed to disclose his 1995 shoplifting conviction when he applied for legal permanent resident status. (Pl.'s Pet. ¶¶ 31-37.) The defendant answered the Klima's petition and the parties conducted discovery. Then, on January 25, 2012, the Department of Homeland Security ("DHS") initiated removal proceedings against Klima by issuing a "Notice to Appear" ("NTA"). (See NTA, attached as Ex. A to Def.'s Mot.) The grounds stated in the NTA for Klima's removal are essentially the same as the grounds that the hearing officer relied on to deny his naturalization application. (See id. at 3-4.)

## **DISCUSSION**

The defendant contends that we no longer have subject matter jurisdiction to hear Klima's § 1421(c) petition after DHS initiated removal proceedings against him. In the alternative, he seeks judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on the basis that we cannot grant Klima effective relief while the removal proceedings are pending.

**A. Legal Standard**

When considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, we accept as true all well-pled factual allegations and draw reasonable inferences from the allegations in favor of the plaintiff. Capitol Leasing Co. v. FDIC, 999 F.2d 188, 191 (7th Cir. 1993). We may also look beyond the complaint's allegations and consider affidavits and other documentary evidence to determine whether subject matter jurisdiction exists. Id.

A defendant may file a motion under Rule 12(c) after the close of the pleadings to raise various Rule 12(b) defenses regarding procedural defects. Alexander v. City of Chicago, 994 F.2d 333, 336 (7th Cir. 1993). We review such a motion under the same standard as a motion to dismiss pursuant to Rule 12(b). Frey v. Bank One, 91 F.3d 45, 46 (7th Cir. 1996); GATX Leasing Corp. v. National Union Fire Ins. Co., 64 F.3d 1112, 1114 (7th Cir. 1995). In evaluating the motion, we view the facts in the complaint in the light most favorable to the nonmoving party. Craigs, Inc. v. General Elec. Capital Corp., 12 F.3d 686, 688 (7th Cir. 1993). Klima does not challenge the defendant's contention that we may consider the NTA without converting his Rule 12(c) motion into a motion for summary judgment. (See Def.'s Mot. at 4 n.1); see also Ennenga v. Starns, 677 F.3d 766, 773-74 (7th Cir. 2012) (a district court may take judicial notice of facts "readily ascertainable from the public court record and not subject to reasonable dispute").

**B.   8 U.S.C. § 1429**

Before 1990, district courts had the authority to naturalize aliens and the Attorney General had the authority to deport them. See Bellajaro v. Schiltgen, 378 F.3d 1042, 1045 (9th Cir. 2004). This division of functions led to a "race between the alien to gain citizenship and the Attorney General to deport . . . ." Shomberg v. United States, 348 U.S. 540, 544 (1955). Congress addressed this problem by passing 8 U.S.C. § 1429, which gave removal proceedings priority over naturalization proceedings. See Schomberg, 348 U.S. at 541 n.1 (quoting § 1429 as originally enacted: "no petition for naturalization shall be finally heard by a naturalization court if there is pending against the petitioner a deportation proceeding pursuant to a warrant of arrest issued under the provisions of this or any other Act . . . ."). The Immigration Act of 1990 transferred the authority to naturalize aliens from "naturalization courts" to the Attorney General, see 8 U.S.C. § 1421(a) (giving the Attorney General the "sole authority to naturalize persons as citizens of the United States"), and a "corresponding change was made in § 1429: 'the Attorney General' replaced the 'naturalization court' as the entity precluded from acting on naturalization applications during the pendency of removal proceedings." Zayed v. United States, 368 F.3d 902, 905 (6th Cir. 2004). The relevant portion of § 1429 currently reads as follows: "no application for naturalization shall be considered by

the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act . . . ." 8 U.S.C. § 1429.[1]

The Second, Fourth, Fifth, Sixth, and Ninth Circuits have construed § 1429 to limit the authority of district courts to grant relief pursuant to § 1421(c). See Ajlani v. Chertoff, 545 F.3d 229, 238-41 (2d Cir. 2008); Barnes v. Holder, 625 F.3d 801, 806-07 (4th Cir. 2010); Saba-Bakare v. Chertoff, 507 F.3d 337, 340 (5th Cir. 2007); Zayed, 368 F.3d at 906; Bellajaro, 378 F.3d at 1043-44.[2] The defendant urges us to follow the Fourth Circuit's decision in Barnes, which he interprets to hold that district courts lack subject matter jurisdiction after DHS initiates removal proceedings. See Barnes, 625 F.3d at 806 ("Because, under § 1429, an alien in removal proceedings does not have a right to have his application adjudicated, it follows that he cannot possibly have a right to have the adjudication judicially reviewed."). The weight of persuasive authority is to the contrary. See, e.g., Aljani, 545 F.3d at 238; Bellajaro, 378 F.3d at 1046; Zayed, 368 F.3d at 906; Klene, 2011 WL 6780722, *3; see also Meraz v. Comfort, No. 05 C

---

[1] We reject Klima's argument (see Pl.'s Resp. at 8 n.2) that the NTA was not a "warrant of arrest" for purposes of § 1429. See 8 CFR § 318.1 ("For the purposes of section 318 of the Act, a notice to appear issued under 8 CFR part 239 . . . shall be regarded as a warrant of arrest."); see also Klene v. Napolitano, No. 11 CV 3921, 2011 WL 6780722, *4 (N.D. Ill. Dec. 27, 2011) (concluding that an NTA is an arrest warrant for purposes of § 1429).

[2] This issue is currently before the Seventh Circuit on appeal from Judge Zagel's decision in Klene. (See supra n.1.)

1094, 2006 WL 861859, *4 (N.D. Ill. Mar. 26, 2006) (collecting cases). We agree with these cases: there is no indication in § 1429 that Congress intended to divest district courts of the subject matter jurisdiction conferred by § 1421(c). So, we deny the defendant's motion insofar as it is based on Rule 12(b)(1).

We conclude, however, that dismissal is appropriate under Rule 12(c). In Zayed, the INS denied the plaintiff's naturalization application because it concluded that she "lacked the good moral character required for naturalization." Zayed, 368 F.3d at 904. Although the INS did not initiate removal proceedings until after it denied the plaintiff's application, see id., the Zayed court affirmed dismissal without reaching the merits of the plaintiff's petition. "[T]he restraints that § 1429 imposes on the Attorney General prevent a district court from granting effective relief under § 1421(c) so long as removal proceedings are pending." Id. at 906; accord Ajlani, 545 F.3d at 240 ("Like the Sixth Circuit, we think district court authority to grant naturalization relief while removal proceedings are pending cannot be greater than that of the Attorney General.") (citing Zayed, 368 F.3d at 906); Klene, 2011 WL 6780722, *3 (similar); Goloshubova v. Napolitano, No. 11-cv-558, 2012 WL 1532355, *4 (N.D. Ill. May 1, 2012) (similar). Even if we concluded that USCIS erred in denying Klima's application, we could not order the Attorney General to naturalize him while removal proceedings were pending. See Zayed, 368 F.3d at 906; Klene, 2011

WL 6780722, *3 ("[I]f, hypothetically, Petitioner could win here, her relief would be an order from me to have the Attorney General grant the application. Such an order would be a dead letter, as the Attorney General is statutorily barred from granting the application while removal proceedings are in progress."); see also Goloshubova, 2012 WL 1532355, *4 n.2 (similar).

Klima argues that we should nevertheless proceed to address the merits of his petition, relying primarily on the Ninth Circuit's decision Bellajaro. (See Pl.'s Pet. at 8-10.) In Bellajaro, the INS denied the plaintiff's naturalization application because, under § 1429, it could not consider his application after removal proceedings were brought against him. Bellajaro, 378 F.3d at 1044. Citing Zayed, the Bellajaro court concluded that the district court had jurisdiction to review "the determination that was actually made by the agency" — i.e., that the removal proceedings prevented the INS from considering his application. Id. at 1043. Applying that standard, the agency's decision was "unquestionably correct:" § 1429 explicitly prevents the Attorney General from considering a naturalization application while removal proceedings are pending. Id.; see also id. at 1046-47. Arguably, Bellajaro leaves the door open to a petition, like Klima's, seeking review of a decision denying naturalization *before* DHS institutes removal proceedings. See id. at 1046 n.4 (citing with approval district court cases proceeding to the merits

of a plaintiff's petition despite post-denial removal proceedings); but see Omo v. Barrett, No. C 11-04975 CRB, 2012 WL 538248, *7 (N.D. Cal. Feb. 17, 2012) (predicting that the Ninth Circuit would follow Zayed and conclude that a district court cannot grant effective relief regardless of when DHS initiates removal proceedings). The stated basis for denying Klima's application was fraud, not § 1429, which did not come into play until DHS issued the NTA more than a year later. However, we do not believe that the timing of the removal proceedings in this case permits us to grant relief that the Attorney General — who has the "sole authority to naturalize citizens of the United States," 8 U.S.C. § 1421(a) — cannot. See Zayed, 368 F.3d at 906; see also id. at 907 ("Regardless of when removal proceedings are initiated, the Attorney General may not naturalize an alien while such proceedings remain pending.").

Finally, we reject Klima's argument that the Administrative Procedures Act ("APA"), in conjunction with the Declaratory Judgment Act, provides an alternative avenue for relief. (See Pl.'s Pet. at 10-11.) Whether we review the denial of Klima's application under § 1421(c) or the APA, the fact remains that we cannot grant effective relief while removal proceedings are pending against him. While the parties briefed the defendant's motion, the Third Circuit decided Gonzalez v. Secretary of Dept. of Homeland Sec., 678 F.3d 254, 260-61 (3d Cir. 2012). The Gonzalez court concluded that a court could provide declaratory relief

notwithstanding the pendency of removal proceedings. Id. at 261 ("Declaratory relief strikes a balance between the petitioner's right to full judicial review as preserved by § 1421(c) and the priority of removal proceedings enshrined in § 1429."). Contrary to Gonzalez, we do not believe it would be appropriate to enter a declaratory judgment that would only provide the plaintiff the satisfaction of knowing he was right. See Awe v. Napolitano, No. 11-5134, 2012 WL 3553721, *5 (10th Cir. Aug. 20, 2012) (slip op.) (rejecting Gonzalez and observing that "a declaration by the district court that Mr. Awe met all the requirements for naturalization could not affect the behavior of the Secretary of Homeland Security because § 1429 bars her from acting.").

For the reasons explained above, Klima's petition is dismissed without prejudice to renewal should he prevail on the merits in the removal proceedings. See Zayed, 368 F.3d at 907 ("The petition having been dismissed without prejudice, Ms. Zayed will have an opportunity to file a new petition if she prevails in the removal proceedings."); see also Klene, 2011 WL 6780722, *4 (dismissing without prejudice); Goloshubova, 2012 WL 1532355, *5 (same).

## CONCLUSION

The defendant's motion to dismiss [20] is granted in part and denied in part. We conclude that we have jurisdiction over plaintiff's petition, but dismiss his complaint without prejudice pursuant to Rule 12(c).

```
DATE:      September 5, 2012

ENTER:     _____
           John F. Grady, United States District Judge
```